(No. 5084——

GERALD LEE BRADLEY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 29, 1963.*

KENNETH H. OTTEN, Attorney for Claimant.

WILLIAM G. CLARK, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for Respondent.

TOLSON, J.

On January 22, 1963, Gerald Lee Bradley filed his complaint seeking an award in the amount of $411.50 by reason of a lapsed appropriation.

On March 15, 1963, a stipulation of facts was filed by claimant and respondent reciting the following:

1. Gerald Lee Bradley was a certified employee holding the position of Park Custodian I.

2. On March 13, 1961, the Director of the Department of Conservation initiated a disciplinary suspension against claimant for a period of 30 days. (March 17, 1961 to April 15, 1961.)

3. A discharge proceeding was initiated against claimant designating April 14, 1961 as the date of separation.

4. On January 18, 1962, the decision of the Hearings Referee of the Civil Service Commission was not approved by the Commission, and it was ordered that claim-

ant be reinstated as of March 1, 1962, and receive back pay from April 14, 1961 to March 1, 1962, *minus earnings from other employment during that period.*

5. That claimant was paid from July 1, 1961 to March 1, 1962, but the Department could not pay for the period from April 14, 1961 to July 1, 1961, as the appropriation had lapsed.

6. The salary of claimant for the period was $646.00, less $234.50 earned by him from Oilwell Service, Inc., leaving a balance due of $411.50.

This Court has held in previous cases that it is the duty of a Civil Service employee to mitigate damages by seeking employment elsewhere while his petition for reinstatement is pending.

*Schneider vs. State of Illinois,* 22 C.C.R. 453

It appears that the Civil Service Commission adequately protected the State by its inquiry, as it appears that claimant was employed, and the amount of $234.50 was deducted from the claim.

This case, therefore, may be disposed of as a lapsed appropriation case.

Where it appears from the evidence that a claim is proper, and would have been paid in due course had the appropriation not lapsed, an award will be made.

*Standard Oil Co. vs. State of Illinois,* 23 C.C.R. 72
*Village of Barrington vs. State of Illinois,* 23 C.C.R. 29

An award is, therefore, made to Gerald Lee Bradley in the amount of $411.50.